No. 18,708.

L. V. CARR, *Appellee*, V. CHARLES E. CHAPMAN et al. (S. SCHULMAN, *Appellant*).

### SYLLABUS BY THE COURT.

PROMISSORY NOTE—*Accommodation Indorser—Findings of Court Conclusive.* The rules that a judgment by the trial court sitting without a jury, supported by competent evidence, must stand, and that an objection to a question calling for the mere conclusion of a witness is properly sustained—followed.

Appeal from Finney district court; WILLIAM H. THOMPSON, judge. Opinion filed March 7, 1914. Affirmed.

*A. Schulman,* of Garden City, for the appellant.

*H. O. Trinkle,* of Garden City, for the appellee.

The opinion of the court was delivered by

WEST, J.: Defendant Schulman for the accommodation of his codefendant, Chapman, signed a note for $1500 dated April 10, 1908, due on demand, "with interest at 08 per cent per annum until paid." Chapman paid the interest substantially every six months up to April 10, 1912, having in 1909 paid $500 on the principal. In an action on the note Schulman defended on the ground that Chapman, without his knowledge or consent, agreed on or about the day the note was executed that the interest should be paid semiannually, which agreement had been substantially carried out and which amounted to an extension of the time of payment, entitling Schulman to a release from all obligation. The court found against him and he appeals.

He argues that by the terms of the note as written the interest became due and payable with the principal, which was at once or upon demand, while by the terms of the outside agreement the interest was to be paid semiannually, so that the latter contract was different

from the one signed and was made without his knowledge or consent which had the effect to release him.

The plaintiff does not contest or discuss these points, but contends that no evidence was offered to show an agreement to pay interest after the note was made, which, if made before, was superseded by the agreement evidenced by the note itself, and hence that the trial court rightfully found against Schulman.

Chapman testified that at the time of the execution of the note he and the plaintiff entered into an agreement whereby Chapman was to pay interest every six months, of which agreement Schulman had no knowledge, and that the latter knew nothing of the payment of interest semiannually. Schulman testified that he never knew until the date of the trial of any agreement for semiannual interest; and thought the note had been paid and did not know to the contrary until about two weeks before the suit was brought. The plaintiff testified that when Chapman borrowed the money he agreed to pay interest semiannually; that this was before the note was executed and that the matter was never mentioned or discussed by them afterwards; that he had never noticed before that the note did not call for semiannual interest payments. The only fair construction to give the foregoing evidence is that having agreed to pay interest every six months the borrower proceeded to execute the note sued on and the interest was in fact paid substantially semiannually, the payee thinking such was the provision in the note. This being so the surety can not successfully claim that the written contract was changed, for manifestly it in its original form is all the contract the plaintiff ever had which he could enforce, and the payment of interest made as it was was therefore voluntary and not because of any binding contract.

Complaint is made that the plaintiff was not permitted to testify that there was "a sort of an understanding" that the note was to run another six months, or

"any understanding as to whether or not Mr. Carr was to allow this note to run on." An objection to the questions on the ground that they called for conclusions of the witness was sustained, and while the court trying the case without a jury might have permitted the witness to answer still there was no error in its refusal so to do, and the witness should have been asked to state what was said rather than what was understood. Defendant Schulman has clearly and ably presented the legal propositions contended for, but the evidence being as it is we are not called upon to determine the question as to when the note by its terms became due and payable, no contract changing its terms being shown.

The judgment is therefore affirmed.